UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMBER BOWENS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUNSHINE RETIREMENT LIVING, LLC )<br>d/b/a HERITAGE POINT ASSISTED )<br>LIVING AND MEMORY CARE, )<br>)<br>Defendant. ) | CAUSE NO. 3:20-cv-379 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Amber Bowens ("Plaintiff" and/or "Bowens"), by counsel, hereby brings this action against the Defendant, Sunshine Retirement Living, LLC d/b/a Heritage Point Assisted Living and Memory Care ("Defendant"), alleging that Defendant has violated her rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

### I. PARTIES, JURISDICTION, AND VENUE

1. At all relevant times, Bowens has resided within the Northern District of Indiana, South Bend Division.

2. Defendant is a corporation that is located and conducts business within the Northern District of Indiana, South Bend Division.

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1981.

4. At all relevant times, Bowens was an "employee" of Defendant within the meaning of that term under Title VII, 42 U.S.C. § 2000e(f).

5. At all relevant times, Defendant was Bowens's "employer" within the meaning of that term under Title VII, 42 U.S.C. § 2000e(b).

6. At all relevant times, Bowens was in a contractual relationship with Defendant within the meaning of 42 U.S.C. § 1981.

7. Bowens has satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"). Bowens received her "Dismissal and Notice of Rights" ("Notice") from the EEOC regarding her Charge, evidencing her right to sue in federal court, and now timely files this lawsuit within ninety (90) says after receipt of said Notice.

8. All of the events, transactions and occurrences giving rise to this lawsuit occurred within the geographical environs of the Northern District of Indiana, South Bend Division, and all parties are located therein.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. FACTUAL ALLEGATIONS

10. Bowens is an African-American who began her employment with Heritage Point Assisted Living and Memory Care, a residential assisted living facility, in March 2017. Sunshine Retirement Living LLC purchased and began operating Heritage Point in or about July 2017. At all relevant times, Bowens worked for Defendant as a Medication Aid. Bowens performed her job duties in a competent and satisfactory manner, carrying out the essential functions of the job.

11. In or about January 2018, Defendant hired a new Administrator, Jeffrey Brinkman.

12. On February 7, 2018, Brinkman approached Bowens and a few other employees who were congregated around the nurses' station and asked what kind of music everyone liked.

13. Despite Bowens replying that she liked 80's music, Brinkman asked Bowens why rappers use "the 'n' word" so much in their music. The group then began discussing the word "nigger" versus "nigga."

14. Brinkman then asked Bowens if she knew where the word "nigger" came from, saying it was a body of water in Africa, and said it was his understanding that black people were responsible for American slavery because black people from Africa sold their own people into slavery. He also said that other black people he has known in the past did not like Reverend Al Sharpton because he is an "Uncle Tom nigger."

15. Bowens lowered her head, and, after hearing the words "nigger" and "nigga" approximately 20 times, left the group and went to help the kitchen employees bus lunch tables.

16. Brinkman approached Bowens and inquired as to whether she was offended. Bowens responded that she did not want to continue discussing the topic and walked back to the nurses' station. Brinkman followed her, got very close to her, and said in a low voice, "what would you do if someone called you a nigger?"

17. The following day, February 8, 2018, Bowens engaged in protected activity when she complained to Director of Nursing, Ethelia Hines, that she was being subjected to harassment and a hostile working environment based on her race.

18. Shortly thereafter, Brinkman began hyper-supervising Bowens and nitpicking her performance.

19. Defendant failed to properly investigate Bowens's complaints and took no remedial action.

20. Bowens again engaged in protected conduct approximately two weeks later, on February 21, 2018, when she complained to Regional Director, Dick Glaunert, that she was

being subjected to harassment based on her race and retaliation for her engagement in protected activity.

21. Glaunert acknowledged that Hines had informed him of Bowens's first complaint, and that he had done nothing to address it since. He told Bowens that he would have someone from Human Resources contact Bowens.

22. The following day, February 22, 2018, Bowens was interviewed by Human Resources employee, Stephanie Antoni, via telephone. Bowens's actions constitute engagement in protected activity.

23. Antoni assured Bowens that she would contact her the following day, February 23, 2018, or, at the latest, Monday, February 26, 2018.

24. Brinkman's retaliatory and harassing behavior toward Bowens continued, and she did not hear back from Antoni as promised.

25. On March 7, 2018, Bowens tendered her resignation, constituting a constructive discharge.

26. Defendant has taken adverse employment actions against Bowens.

27. Bowens has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

### III. CAUSES OF ACTION

#### COUNT I

#### RACE DISCRIMINATION – TITLE VII

28. Plaintiff hereby incorporates by reference 1 – 27 above as if the same were set forth at length herein.

29. Defendant took adverse employment actions against Plaintiff based upon her race in violation of Title VII, including when it constructively discharged her employment.

30. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

31. Defendant's unlawful actions were intentional, willful, and done in reckless disregard to Plaintiff's rights as protected by Title VII.

## COUNT II

## RACE DISCRIMINATION – SECTION 1981

32. Plaintiff hereby incorporates by reference 1 – 31 above as if the same were set forth at length herein.

33. Defendant took adverse employment actions against Plaintiff based upon her race, including when it constructively discharged her employment.

34. Defendant's actions, as alleged above, deprived Bowens the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens in violation of Section 1981.

35. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981. Defendant would not have taken adverse actions against Bowens but for her race.

## COUNT III

## RETALIATION – TITLE VII

36. Plaintiff hereby incorporates by reference paragraphs 1 – 35 above as if the same were set forth at length herein.

37. Defendant took adverse employment actions against Plaintiff based upon her engagement in protected activity in violation of Title VII, including when it constructively discharged her employment.

38. Defendant would not have taken adverse actions against Plaintiff, including constructively discharging her employment, but for her engagement in protected activity.

39. Defendant's actions, as alleged above, deprived Plaintiff of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard to Plaintiff's rights as protected by Title VII.

## COUNT IV

## RETALIATION – SECTION 1981

41. Plaintiff hereby incorporates by reference paragraphs 1 – 40 above as if the same were set forth at length herein.

42. Defendant took adverse employment actions against Plaintiff based upon her protected complaints based on race, including when it constructively discharged her employment.

43. Defendant's actions, as alleged above, deprived Bowens the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens in violation of Section 1981.

44. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981. Defendant would not have taken adverse actions against Bowens but for her protected complaints based on race.

## COUNT V

### RACE HARASSMENT/HOSTILE WORK ENVIRONMENT – TITLE VII

45. Plaintiff hereby incorporates by reference paragraphs 1 – 44 above as if the same were set forth at length herein.

46. Plaintiff was subject to unwelcome severe and/or pervasive harassment based upon her race.

47. Plaintiff reported said harassment to Defendant.

48. Defendant failed to properly investigate Plaintiff's reports or take any remedial action in response to Plaintiff's reports.

49. Defendant's unlawful actions were intentional, willful, and done in reckless disregard to Plaintiff's rights as protected by Title VII.

## COUNT VI

### RACE HARASSMENT/HOSTILE WORK ENVIRONMENT – SECTION 1981

50. Plaintiff hereby incorporates by reference paragraphs 1 – 49 above as if the same were set forth at length herein.

51. Plaintiff was subject to unwelcome severe and/or pervasive harassment based upon her race.

52. Plaintiff reported said harassment to Defendant.

53. Defendant failed to properly investigate Plaintiff's reports or take any remedial action in response to Plaintiff's reports.

54. Defendant's actions, as alleged above, deprived Bowens the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens in violation of Section 1981.

55. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981. Defendant would not have taken adverse actions against Bowens but for her race.

## COUNT VII

## HARASSMENT/HOSTILE WORK ENVIRONMENT
## BASED UPON PROTECTED ACTIVITY – TITLE VII

56. Plaintiff hereby incorporates by reference paragraphs 1 – 55 above as if the same were set forth at length herein.

57. Plaintiff was subject to unwelcome severe and/or pervasive harassment based upon her statutorily-protected activity.

58. Plaintiff reported said harassment to Defendant.

59. Defendant failed to properly investigate Plaintiff's complaints or take any remedial action in response to Plaintiff's reports.

60. Defendant's unlawful actions were intentional, willful, and done in reckless disregard to Plaintiff's rights as protected by Title VII.

## COUNT VIII

## HARASSMENT/HOSTILE WORK ENVIRONMENT
## BASED UPON PROTECTED ACTIVITY – SECTION 1981

61. Plaintiff hereby incorporates by reference paragraphs 1 – 60 above as if the same were set forth at length herein.

62. Plaintiff was subject to unwelcome severe and/or pervasive harassment based upon her statutorily-protected activity.

63. Plaintiff reported said harassment to Defendant.

64. Defendant failed to properly investigate Plaintiff's reports or take any remedial action in response to Plaintiff's reports.

65. Defendant's actions, as alleged above, deprived Bowens the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens in violation of Section 1981.

66. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981. Defendant would not have taken adverse actions against Bowens but for her protected complaints based on race.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff, Amber Bowens, by counsel, respectfully requests that the Court find for her and order that:

A. Defendant reinstate Plaintiff to the same position, salary and seniority that she had prior to her termination or pay front pay and benefits to her in lieu thereof;

B. Defendant pay lost wages and benefits to Plaintiff;

C. Defendant pay compensatory to Plaintiff;

D. Defendant pay punitive damages to Plaintiff;

E. Defendant pay pre- and post-judgment interest to Plaintiff on all recoverable sums;

F. Defendant pay Plaintiff's reasonable attorneys' fees and costs incurred in litigating this action; and

G. Defendant pay to Plaintiff any and all other legal and/or equitable damages this Court deems just and proper to grant.

Respectfully submitted,


Jason P. Cleveland, #24126-53
CLEVELAND LEHNER CASSIDY
6214 Carrollton Avenue, Suite 200
Indianapolis, IN 46220
Telephone:	(317) 388-5424
Facsimile:	(317) 947-1863
Email:	jason@clcattorneys.com

Attorney for Plaintiff
Amber Bowens


## DEMAND FOR JURY TRIAL

The Plaintiff, Amber Bowens, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully Submitted,

Jason P. Cleveland, #24126-53
CLEVELAND LEHNER CASSIDY

Attorney for Plaintiff
Amber Bowens